FILED

December 19, 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____BriannaWinter_____
                                              DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |  |
|---|---|---|
| BROADBAND iTV, INC., | § | Case No. 6:19-cv-716 |
| Plaintiff, | § | |
| v. | § | JURY TRIAL DEMANDED |
| DISH NETWORK, L.L.C., | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Broadband iTV, Inc. ("BBiTV"), by and through the undersigned counsel, hereby files this complaint ("Complaint") and makes the following allegations of patent infringement relating to U.S. Patent Nos. 10,028,026, 10,506,269, 9,998,791, and 9,648,388 against Defendant DISH Network, L.L.C. ("DISH") and alleges as follows upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.      This is an action for patent infringement.  BBiTV alleges that DISH infringes U.S. Patent Nos. 10,028,026 (the "'026 Patent"), 10,506,269 (the "'269 Patent"), 9,998,791 (the "'791 Patent"), and 9,648,388 (the "'388 Patent") copies of which are attached hereto as Exhibits A-D (collectively, "the Asserted Patents").

2.      BBiTV alleges that DISH directly and indirectly infringes the Asserted Patents by making, using, offering for sale, selling and importing, among other things, set-top boxes ("STBs") and mobile device apps that provide certain novel video-on-demand ("VOD") functionalities.  DISH also induces and contributes to the infringement of others, including its users, customers, agents, or other third parties.  BBiTV seeks damages and other relief for

DISH's direct and indirect infringement of the Asserted Patents.

## THE PARTIES

3.     BBiTV is a Delaware corporation headquartered at 201 Merchant Street, Suite 1830, Honolulu, Hawaii 96813.

4.     BBiTV holds all substantial rights, title and interest in and to the Asserted Patents.

5.     Defendant DISH Network L.L.C. is established under the laws of the State of Colorado, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.  DISH Network L.L.C. can be served in Texas through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Upon information and belief, Defendant DISH Network L.L.C. is a wholly owned subsidiary of DISH Network Corporation.

## JURISDICTION AND VENUE

6.     This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.     Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and § 1400(b) because DISH has a regular and established place of business in this District; has committed acts within this District giving rise to this action; and DISH continues to conduct business in this District, including one or more acts of selling, using, importing, and/or offering for sale infringing products or providing support service to DISH's customers in this District.  For example, DISH owns the following in this District: (1) "customer call center, warehouse, service, and remanufacturing center" in  El Paso, Texas; (2) "micro digital broadcast operations center" in Mustang Ridge, Texas; (3) "regional digital broadcast operations center" in New Braunfels, Texas; and (4) property at 1285 Joe Battle Boulevard, El Paso, Texas.  *See* DISH Annual Report for year ending December 31, 2018, at pp. 62, F-76.[1]

---

[1] Available at https://dish.gcs-web.com/static-files/1500d9f6-3b27-4e59-b4a0-d7f3257cb992.

8.      DISH is subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, due at least to DISH's substantial business in this forum, including: (i) business related to infringing acts as alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.  Within this state, DISH has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, DISH has derived revenues from its infringing acts occurring within the Western District of Texas.  Further, DISH is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and the Western District of Texas.  Further, DISH is subject to the Court's personal jurisdiction at least due to its sale of products or services within Texas and the Western District of Texas.  DISH has committed such purposeful acts or transactions in Texas such that they reasonably should know and expect that they could be haled into this Court because of such activity.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,028,026

9.      The allegations of paragraphs 1-8 of this Complaint are incorporated by reference as though fully set forth herein.

10.      The '026 Patent, titled "System for addressing on-demand TV program content on TV services platform of a digital TV services provider," issued on July 17, 2018.  A copy of the '026 Patent is attached as Exhibit A.

11.      Pursuant to 35 U.S.C. § 282, the '026 Patent is presumed valid.

12.      Upon information and belief, DISH makes, uses, offers for sale, and/or sells in the United States and/or imports into the United States products and services that provide DISH's subscribers with video on-demand ("VOD") services using set-top boxes ("STBs") and mobile device apps (collectively the "Accused '026 Patent Products").  Specifically, DISH, by and through its various operator subsidiaries, provides such Internet-connected STBs, such as Hopper

2 and 3 for receiving, via the Internet, video content to be viewed by VOD system subscribers. Likewise, DISH provides such mobile device apps, such the DISH Anywhere App available for iOS devices on Apple's App Store and for Android devices on Google Play that are downloaded to subscribers' Internet-connected devices—including smartphones and tablets—for receiving, via the Internet, video content to be viewed by VOD system subscribers.  See https://apps.apple.com/us/app/dish-anywhere/id327125649; https://play.google.com/store/apps/details?id=com.sm.SlingGuide.Dish.



13.    Upon information and belief, the Accused '026 Patent Products infringe at least claims 1, 3, 5, 8, and 11 of the '026 Patent in the exemplary manner described below.

14.    As to claim 1, DISH provides an Internet-connected digital device, including a set-top box for receiving, via the Internet, video content to be viewed by a subscriber of a video-on-demand system.  DISH additionally provides software (*e.g.*, the DISH Anywhere iOS and Android mobile device apps) for which a third-party Internet-connected device (*e.g.*, a smartphone or tablet) receives, via the Internet, video content to be viewed by a subscriber of a video-on-demand system.

Dish STB EPG:                                          Dish Anywhere App EPG:

 

15.    In both cases, DISH provides an electronic program guide (EPG) as a templatized video-on-demand display, which uses at least one of a plurality of different display templates to which the Internet-connected digital device has access, to enable a subscriber using the Internet-connected digital device to navigate in a drill-down manner through titles by category information in order to locate a particular one of the titles whose associated video content is desired for viewing on the Internet-connected digital device.

Dish STB EPG:                                          Dish Anywhere App EPG:

 

16.    The EPGs on the Accused '026 Patent Products are used by subscribers to select VOD content.  The EPGs include a templatized VOD display having a first layer that includes at least one of a basic color, logo, or graphical theme to display.  For example, the EPGs include a background screen to provide a black background, digital clock, and graphical theme.

**Dish STB:**

First Layer comprising a background screen

**Dish Anywhere App:**



First Layer comprising a background screen

17.    The EPGs on the Accused '026 Patent Products also include a second layer comprising a particular display template from the plurality of different display templates layered on the background screen, wherein the particular display template comprises one or more reserved areas that are reserved for displaying content provided by a different layer of the plurality of layers.  For example, the EPG includes a second layer comprising reserved areas for displaying content provided by a different layer of the plurality of layers.



**Dish STB:**

Second Layer comprising reserved areas

**Dish Anywhere App:**

Second Layer comprising reserved areas

18.    The EPGs on the Accused '026 Patent Products include a third layer having reserved area content generated using the received video content, the associated metadata, and an associated plurality of images to be displayed in the one or more reserved areas in the particular display template as at least one of text, an image, a navigation link, and a button.  For example, the EPGs include a second layer comprising reserved areas for displaying content in a third layer, such as received video content, the associated metadata, and the associated plurality of images to

be displayed in the one or more reserved areas in the particular display template as text, an image, a navigation link, and a button.



19.     The EPGs on the Accused '026 Patent Products allow navigating through titles in a drill-down manner including navigating from a first level of the hierarchical structure of a video-on-demand content menu to a second level of the hierarchical structure to locate the particular one of the titles.  A first template of the plurality of different display templates is used as the particular display template for the templatized display for displaying the first level of the hierarchical structure and a second template of the plurality of different display templates is used as the particular display template for the templatized display for displaying the second level of the hierarchical structure.

First level showing the first display template:




Second level showing the second display template:




20.     The Accused '026 Patent Products receive video content that was uploaded to a Web-based content management system by a content provider device associated with the video content provider via the Internet in a digital video format, along with associated metadata including title information and category information, and along with the associated plurality of images designated by the video content provider, the associated metadata specifying a respective hierarchical location of a respective title of the video content within the electronic program guide

to be displayed on the Internet-connected digital device using the respective hierarchically-arranged category information associated with the respective title, wherein at least one of the uploaded associated plurality of images designated by the video content provider is displayed with the associated respective title in the templatized video-on-demand display.

21.     For example, on information and belief, DISH uses Comcast Technology Solutions, formerly known as Comcast Media Center ("CMC"), as a web-based Content Management System and Distribution Service known as Express Lane to ingest video content and related metadata and images that are used to generate EPGs:



Source: Exhibit F (Comcast, 2013); Exhibit G (Comcast, 2010).

22.     The Accused '026 Patent Products receive from the Express Lane platform the VOD application-readable metadata and images that are associated with respective video content.  Express Lane receives VOD content from content producers and distributes the VOD content to the appropriate VOD system platforms.



Source: https://exl.comcastwholesale.com/terms (last accessed November 16, 2019).

23.     The VOD content is received along with VOD metadata, which includes associated metadata including title information and category information, and along with the associated plurality of images designated by the video content provider, the associated metadata specifying a respective hierarchical location of a respective title.  The EPG uses this category of information designated by the video content provider to locate the title in the hierarchy of the program guide.



Source: Express Lane User Guide Ver. 3.1, pg. 20

Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

24.     The Accused '026 Patent Products display at least one of the uploaded associated

plurality of images designated by the video content provider with the associated respective title in the templatized VOD display.

First level showing the first display template:



Second level showing the second display template:





25.     As to claim 3, the plurality of different display templates used by the EPG are used to locate the particular one of the titles in a drill-down manner from a first level of a hierarchical structure of the electronic program guide to a second level of the hierarchical structure of the electronic program guide.  A first of the plurality of display templates is used for

displaying the first level of the electronic program guide.



And a second of the plurality of different display templates is used for displaying the second level of the electronic program guide.



26.     As to claim 5, the associated metadata received along with the video content uploaded to a Web-based content management system by a content provider device associated with the video content provider via the Internet in a digital video format, includes descriptive data about the video content, such as a short summary of the VOD asset.



Source: Exhibit E, Express Lane User Guide v3.11, p. 18.

3. Enter a short summary of the asset into the **Summary Short** field. This is a sentence that provides a short summary of the VOD asset, usually typed in by the provider (e.g. "Fictional romantic tale of a rich girl and poor boy who meet on the ill-fated voyage of the 'un-sinkable' ship"). Spelling, grammar, and capitalization are important as the data typed here displays to the viewer. The maximum length of this field is 255 characters, including punctuation, spaces, alphanumeric and special characters. *(Required)*.

Source: Exhibit E, Express Lane User Guide v3.11, p. 18.

27.     As to claim 8, the Internet-connected digital device includes a set-top box. DISH provides an Internet-connected digital device, including a set-top box.



28.     As to claim 11, the Internet-connected device includes a digital phone such as a smartphone. DISH provides a mobile device app such as the DISH iOS and Android mobile device apps to be used with smartphones.

29.     DISH has infringed, and continues to infringe, at least claims 1, 3, 5, 8, and 11 of the '026 Patent in the United States, by making, using, offering for sale, selling and/or importing the Accused '026 Patent Products in violation of 35 U.S.C. § 271(a).

30.     DISH also has infringed, and continues to infringe, at least claims 1, 3, 5, 8, and 11 of the '026 Patent by actively inducing others to use, offer for sale, and sell the Accused '026 Patent Products.  DISH's users, customers, agents, or other third parties, who use those devices in accordance with DISH's instructions, infringe claims 1, 3, 5, 8, and 11 of the '026 Patent, in violation of 35 U.S.C. § 271(a).  Because DISH intentionally instructs its customers to infringe through training videos, demonstrations, brochures, and user guides, such as those located at: www.dish.com, my.dish.com/support, communities.dish.com, Apple App Store listing for the iOS DISH Anywhere App, Google Play Store listing for the Android DISH Anywhere App, in-app instructions in the iOS, and Android DISH Anywhere Apps, DISH is liable for infringement of the '026 Patent under 35 U.S.C. § 271(b).

31.     DISH also has infringed, and continues to infringe, at least claims 1, 3, 5, 8, and 11 of the '026 Patent by offering to commercially distribute, commercially distributing, or importing the Accused '026 Patent Products, which are used in practicing the processes, or using the systems, of the '026 Patent, and constitute a material part of the invention.  For example, DISH provides mobile device apps to users, who then install those apps on their mobile devices, such as smartphones and tablets.  A mobile device that has been configured to use DISH's mobile device app to access DISH's VOD platform infringes claims 1, 3, 5, 8, and 11 of the '026 Patent, in violation of 35 U.S.C. § 271(a).  DISH knows portions of the Accused '026 Patent Products to be especially made or especially adapted for use in infringement of the '026 Patent, and not to be staple articles, and not to be commodities of commerce suitable for substantial noninfringing use.  DISH is thereby liable for contributory infringement of the '026 Patent under 35 U.S.C. § 271(c).

32.     DISH is on notice of its infringement of the '026 Patent by no later than the filing and service of this Complaint.  DISH also received notice of its infringement of the '026 Patent

on December 18, 2019, when BBiTV served DISH with an infringement notice letter.  By the time of trial, DISH will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least claims 1, 3, 5, 8, and 11 of the '026 Patent.

33.     Upon information and belief, DISH may have infringed and continues to infringe the '026 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused '026 Patent Products.

34.     DISH's acts of direct and indirect infringement have caused and continue to cause damage to BBiTV.  BBiTV is, therefore, entitled to recover damages sustained as a result of DISH's wrongful acts in an amount that is proven at trial.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,506,269

35.     The allegations of paragraphs 1-8 of this Complaint are incorporated by reference as though fully set forth herein.

36.     The '269 Patent, titled "System for addressing on-demand TV program content on TV services platform of a digital TV services provider," issued on December 10, 2019.  A copy of the '269 Patent is attached as Exhibit B.

37.     Pursuant to 35 U.S.C. § 282, the '269 Patent is presumed valid.

38.     Upon information and belief, DISH makes, uses, offers for sale, and/or sells in the United States and/or imports into the United States products and services that provide DISH's subscribers with VOD services via mobile device apps (collectively the "Accused '269 Patent Products").  Specifically, DISH provides such mobile device apps, such as the DISH Anywhere App available for iOS devices on Apple's App Store and for Android devices on Google Play that are downloaded to subscribers' Internet-connected devices—including smartphones and tablets—for receiving via the Internet video content to be viewed by a VOD system subscriber. See https://apps.apple.com/us/app/dish-anywhere/id327125649; https://play.google.com/store/apps/details?id=com.sm.SlingGuide.Dish.



39.     Upon information and belief, the Accused '269 Patent Products infringe at least claims 1, 3, 4 and 6 of the '269 Patent in the exemplary manner described below.

40.     As to claim 1, the Accused '269 Patent Products include an interactive mobile application for providing, via the Internet, video content to be viewed by a subscriber of a video-on-demand system using a hierarchically arranged interactive electronic program guide.



Source: www.comcasttechnologysolutions.com/resources/vod-ebook

41.     The Accused '269 Patent Products obtain from a digital service provider system and present to the subscriber an electronic programming guide including a templatized video-on-demand display, which uses at least one display template to which the subscriber device has access, to enable the subscriber using the subscriber device to navigate in a drill-down manner, from a first level of a hierarchical structure of the electronic program guide based on subcategory information in order to locate a particular one of the plurality of titles whose associated video

content is desired for viewing on demand via the subscriber device.



42.     The Accused '269 Patent Products provide a templatized VOD display that has

been generated in a plurality of layers, comprising: (a) a first layer comprising a background

screen to provide at least one of a basic color, logo, or graphical theme to display; (b) a second

layer comprising a particular display template from the plurality of different display templates

layered on the background screen, wherein the particular display template comprises one or more

reserved areas that are reserved for displaying content provided by a different layer of the

plurality of layers; and (c) a third layer comprising reserved area content generated using

program guide content information received by the subscriber device in real time from the digital

television service provider system comprising at least one of text, image, video content, a

navigation link, and a button to be displayed in the one or more reserved areas in the particular

display.





43.     The program guide content information displayed by the Accused '269 Patent

Products was uploaded to a Web-based content management system by a content provider device

associated with the video content provider via the Internet in a digital video format, along with

associated metadata including title information and category information, and along with the

associated plurality of images designated by the video content provider, the associated metadata specifying a respective hierarchical location of a respective title of the video content within the electronic program guide to be displayed on the Internet-connected digital device using the respective hierarchically-arranged category information associated with the respective title, wherein at least one of the uploaded associated plurality of images designated by the video content provider is displayed with the associated respective title in the templatized video-on-demand display.

44.     For example, on information and belief, DISH uses Comcast Technology Solutions, formerly known as Comcast Media Center ("CMC"), as a web-based Content Management System and Distribution Service known as Express Lane to ingest video content and related metadata and images that are used to generate EPGs:



Source: Exhibit F (Comcast, 2013); Exhibit G (Comcast, 2010).

45.     The Accused '269 Patent Products receive from the Express Lane platform the VOD application-readable metadata and images that are associated with respective video content.  Express Lane receives VOD content from content producers and distributes the VOD content to the appropriate VOD system platforms.



Source: https://exl.comcastwholesale.com/terms (last accessed November 16, 2019).

46.     The VOD content is received along with VOD metadata, which includes associated metadata including title information and category information, and along with the associated plurality of images designated by the video content provider, the associated metadata specifying a respective hierarchical location of a respective title.  The EPG uses this category of information designated by the video content provider to locate the title in the hierarchy of the program guide.



Source: Express Lane User Guide Ver. 3.1, pg. 20

Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

47.     With regard to the associated metadata, Express Lane ingests descriptive

information that is displayed to the viewer.



Source: Exhibit E, Express Lane User Guide v3.11, p. 18.

> 3. Enter a short summary of the asset into the **Summary Short** field. This is a sentence that provides a short summary of the VOD asset, usually typed in by the provider (e.g. "Fictional romantic tale of a rich girl and poor boy who meet on the ill-fated voyage of the 'un-sinkable' ship"). Spelling, grammar, and capitalization are important as the data typed here displays to the viewer. The maximum length of this field is 255 characters, including punctuation, spaces, alphanumeric and special characters. *(Required)*.

Source: Exhibit E, Express Lane User Guide v3.11, p. 18.

48.     On information and belief, Express Lane similarly injects images that are also displayed to the viewer.



49.     As to claim 3, the Accused '269 Patent Products are further configured to obtain login credentials from the subscriber device and verify with the digital television service provider that the login credentials are associated with a subscriber account. DISH's mobile device app prompts for such login credentials:



50.     As to claim 4, the Accused '269 Patent Products display at least one of the uploaded associated plurality of images designated by the video content provider with the associated respective title in the templatized video on demand display.  As shown above, DISH's mobile device app displays at least one image with associated titles.

51.     As to claim 6, the Accused '269 Patent Products use the at least one display template to locate the particular one of the titles in a drill-down manner from a first level of a hierarchical structure of the electronic program guide to a second level of the hierarchical structure of the electronic program guide.





52.     DISH has infringed, and continues to infringe, claims 1, 3, 4 and 6 of the '269 Patent in the United States, by making, using, offering for sale, selling and/or importing the Accused '269 Patent Products in violation of 35 U.S.C. § 271(a).

53.     DISH also has infringed, and continues to infringe, claims 1, 3, 4 and 6 of the '269 Patent by actively inducing others to use, offer for sale, and sell the Accused '269 Patent Products.  DISH's users, customers, agents, or other third parties who use those products and/or DISH's VOD service in accordance with DISH's instructions infringe claims 1, 3, 4 and 6 of the '269 Patent, in violation of 35 U.S.C. § 271(a).  Because DISH intentionally instructs its customers to infringe through training videos, demonstrations, brochures and user guides, such as those located at: www.dish.com, my.dish.com/support, communities.dish.com, Apple App Store listing for the iOS DISH Anywhere App, Google Play Store listing for the Android DISH Anywhere App, in-app instructions in the iOS and Android DISH Anywhere Apps, DISH is liable for infringement of the '269 Patent under 35 U.S.C. § 271(b).

54.     DISH is on notice of its infringement of the '269 Patent by no later than the filing and service of this Complaint.  DISH also received notice of its infringement of the '269 Patent on December 18, 2019, when BBiTV served DISH with an infringement notice letter.  By the time of trial, DISH will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of at least claims 1, 3, 4 and 6 of the '269 Patent.

55.     Upon information and belief, DISH may have infringed and continues to infringe the '269 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused '269 Patent Products.

56.     DISH's acts of direct and indirect infringement have caused and continue to cause damage to BBiTV.  BBiTV is, therefore, entitled to recover damages sustained as a result of DISH's wrongful acts in an amount that is proven at trial.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,998,791

57.     The allegations of paragraphs 1-8 of this Complaint are incorporated by reference as though fully set forth herein.

58.     The '791 Patent, titled "Video-on-demand content delivery method for providing video-on-demand services to TV service subscribers," issued on June 12, 2018.  A copy of the '791 Patent is attached as Exhibit C.

59.     Pursuant to 35 U.S.C. § 282, the '791 Patent is presumed valid.

60.     Upon information and belief, DISH makes, uses, offers for sale, and/or sells in the United States and/or imports into the United States products and services that provide DISH's subscribers with VOD services using STBs (collectively the "Accused '791 Patent Products").  Specifically, DISH, by and through its various operator subsidiaries, provides STBs such as the Hopper 2 and 3.



Source: https://www.dish.com/programming/packages/ (last accessed Nov. 27, 2019).

61.     Upon information and belief, the Accused '791 Patent Products infringe at least claims 1, 12, and 18 of the '791 Patent in the exemplary manner described below.

62.     As to claim 1, the Accused '791 Patent Products deliver VOD content by providing VOD services to a plurality of television service subscribers via a television service provider system that comprises a VOD content delivery system having one or more computers. For example, the Accused '791 Patent Products utilize one or more computers including the Comcast Technology Solutions, formerly known as Comcast Media Center ("CMC"), as a Web-based content management system for VOD content delivery.



Source: Exhibit F (Comcast, 2013); Exhibit G (Comcast, 2010).

63.     The Accused '791 Patent Products receive digital content, at the one or more computers of the video-on-demand content delivery system of the television service provider system from a Web-based content management system.  For example, DISH receives from the CMC Express Lane platform the video-on-demand program content and hierarchical metadata in the form of title, categories and subcategories.



Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

64.     CMC Express Lane is a Web-based content management system that receives VOD content from content producers and distributes the VOD content to the appropriate digital television system platforms.



65.     The received content includes at least the following digital content: (i) a first video content, along with (ii) first metadata, associated with the first video content and usable in a VOD content menu, the first metadata comprising: (1) first title information comprising a first title,  (2) first content provider designated hierarchically arranged category information and subcategory information to specify a location of the first title information for the video content in a predetermined VOD application, the first content provider designated category information and subcategory information associated with the first title information of the first video content using a same hierarchical structure of categories and subcategories as is to be used for placement of the first title information in the predetermined VOD application; and (3) first time information for availability of the first video content for scheduling of viewing of the first video content through the predetermined VOD application.



title and time information



Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

66.     The Accused '791 Patent Products use first video content that was uploaded to the Web-based content management system by a content provider device associated with a first video content provider via the Internet in a digital video format, along with the associated first metadata including first title information, and first content provider designated hierarchically arranged category information and subcategory information designated by the first video content provider, to specify a hierarchical location of the first title of the first video content within the VOD content menu using the first category information and first subcategory information associated with the first title information.  As illustrated in the example below, the VOD menu shows a hierarchical ordering of categories and sub-categories leading to a listing of titles according to the metadata discussed above.



67.     The Accused '791 Patent Products store, at a video server comprising one or more computers and computer-readable memory operatively connected to the one or more computers

of the video server, respective video content, including the first video content, wherein the video server is associated with the VOD content delivery system and is configured to supply the respective video content, upon request, for transmission to a set top box operatively connected to TV equipment of a television service subscriber.



68.     The Accused '791 Patent Products include set top boxes provided by DISH.  The set top boxes are operatively connected to respective TV equipment of a respective television service subscriber with access to the VOD content menu for navigating through titles, including the first title of the first video content, by hierarchically-arranged category information and subcategory information including at least the first category information and the first subcategory information in order to locate a respective one of the titles whose associated video content is desired for viewing on the respective TV equipment.  The DISH STB VOD menu shows a hierarchical ordering of categories and sub-categories leading to a listing of titles.




69.     The Accused '791 Patent Products include a VOD content menu that lists the titles using the same hierarchical structure of category information and subcategory information as was designated by one or more video content providers, including the first video content provider, in the uploaded metadata for the respective video content.



Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

70.     The Accused '791 Patent Products include a plurality of different video display templates, including a first video display template, that are accessible to the set top box.  The predetermined VOD application accesses the first video display template for generating and displaying the VOD content menu at the respective TV equipment of the respective television service subscriber.

71.     The Accused '791 Patent Products determine, at the predetermined VOD application, which titles are available for selection from the VOD content menu at a respective time based at least in part on respective time information during which the respective video content associated with the respective time information can be accessed through the predetermined VOD application.



72.     The Accused '791 Patent Products retrieve the first video content from the video server in response to (i) the respective television service subscriber selecting, via a control unit in communication with the respective set top box, the first title associated with the first video content from the hierarchically-arranged category information and subcategory information of the VOD content menu, and (ii) the respective set top box transmitting an electronic request for the first video content associated with the selected first title, and transmit the first video content to the respective set top box for display of the first video content on the respective TV equipment of the respective television service subscriber.



73.     As to claim 12, the Accused '791 Patent Products further use at least one of the plurality of different video display templates to generate a templatized video-on-demand display that comprises a background and a template layer having one or more areas for display of metadata provided by the video content provider.

**Dish STB:**



74.    As to claim 18, the Accused '791 Patent Products further use the at least one of the plurality of different video display templates to generate a templatized video-on-demand display that comprises a background screen, as shown above.

75.    DISH has infringed, and continues to infringe, at least claims 1, 12, and 18 of the '791 Patent in the United States, by making, using, offering for sale, selling and/or importing the Accused '791 Patent Products in violation of 35 U.S.C. § 271(a).  DISH has infringed, and continues to infringe, at least claims 1, 12, and 18 of the '791 Patent in the United States by performing and/or directing its users to perform one or more steps of the claims and/or conditioning the use of the Accused '791 Patent Products and/or DISH's VOD service and/or receipt of a benefit upon a user's performance of one or more steps, and establishing the manner or timing of that performance.  DISH conditions the use of its VOD service upon the performance of one or more steps of the claimed method of the '791 patent by requiring a user to navigate its system in an infringing manner, and profits from such an arrangement by charging the user a rental fee and/or a subscription fee to access VOD content.  DISH also conditions the receipt of a benefit by a user, i.e., the user benefits by being able to access VOD content of their choice, by requiring the user to navigate its system in an infringing manner.  DISH establishes the manner or timing of a user's performance of one or more steps because the DISH software limits how the user can interact with the VOD system.

76.     DISH also has infringed, and continues to infringe, at least claims 1, 12, and 18 of the '791 Patent by actively inducing others to use, offer for sale, and sell the Accused '791 Patent Products.  DISH's users, customers, agents or other third parties who use those products in accordance with DISH's instructions infringe claims 1, 12, and 18 of the '791 Patent, in violation of 35 U.S.C. § 271(a).  Because DISH intentionally instructs its customers to infringe through training videos, demonstrations, brochures and user guides, such as those located at: www.dish.com, my.dish.com/support, communities.dish.com, DISH is liable for infringement of the '791 Patent under 35 U.S.C. § 271(b).

77.     DISH also has infringed, and continues to infringe, at least claims 1, 12, and 18 of the '791 Patent by offering to commercially distribute, commercially distributing, or importing the Accused '791 Patent Products which are used in practicing the processes, or using the systems, of the '791 Patent, and constitute a material part of the invention.  DISH's users, customers, agents, or other third parties who use DISH's set-top boxes and/or DISH's VOD service infringe claims 1, 12, and 18 of the '791 Patent, in violation of 35 U.S.C. § 271(a).  DISH knows portions of the Accused '791 Patent Products to be especially made or especially adapted for use in infringement of the '791 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use.  DISH is thereby liable for contributory infringement of the '791 Patent under 35 U.S.C. § 271(c).

78.     DISH is on notice of its infringement of the '791 Patent by no later than the filing and service of this Complaint.  DISH also received notice of its infringement of the '791 Patent on December 18, 2019, when BBiTV served DISH with an infringement notice letter.  By the time of trial, DISH will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least claims 1, 12, and 18 of the '791 Patent.

79.     Upon information and belief, DISH may have infringed and continues to infringe the '791 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused '791 Patent Products.

80.     DISH's acts of direct and indirect infringement have caused and continue to cause damage to BBiTV and BBiTV is entitled to recover damages sustained as a result of DISH's wrongful acts in an amount that is proven at trial.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,648,388**

81.     The allegations of paragraphs 1-8 of this Complaint are incorporated by reference as though fully set forth herein.

82.     The '388 Patent, titled "Video-on-demand content delivery system for providing video-on-demand services to TV services subscribers" issued on May 9, 2017.  A copy of the '388 Patent is attached as Exhibit D.

83.     Pursuant to 35 U.S.C. § 282, the '388 Patent is presumed valid.

84.     Upon information and belief, DISH makes, uses, offers for sale, and/or sells in the United States and/or imports into the United States products and services that provide DISH's subscribers with VOD services using STBs (collectively the "Accused '388 Patent Products").  Specifically, DISH, by and through its various operator subsidiaries, provides customers with DISH STBs, such as Hopper 2 and 3.

85.     Upon information and belief, the Accused '388 Patent Products infringe at least claims 1, 3, 6, 13, and 19 of the '388 Patent in the exemplary manner described below.

86.     As to claim 1, the Accused '388 Patent Products include a set top box providing video-on-demand services and operatively connected to TV equipment of a TV service subscriber.  DISH provides its customers with set-top boxes that provide subscribers with access to DISH VOD services.  Each set top box is operatively connected to each customer's TV equipment.

**Dish STB:**



87.    The Accused '388 Patent Products receive, at the set-top box, via a closed system from a video-on-demand content delivery system comprising one or more computers and computer-readable memory operatively connected to the one or more computers, respective video-on-demand application-readable metadata that is associated with respective video content and is usable to generate a video-on-demand content menu.  DISH STBs are available to DISH subscribers.  Such subscribers receive at their DISH STBs via the DISH network from a VOD content delivery system, VOD application-readable metadata that is associated with respective video content and usable to generate a VOD content menu.



Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

88.    The Accused '388 Patent Products receive video content that was uploaded to a Web-based content management system by a respective content provider device associated with a respective video content provider via the Internet in a digital video format along with respective specified metadata including respective title information, category information, and subcategory information designated by the respective video content provider to specify a

respective hierarchical location of a respective title of the respective video content within the VOD content menu displayed on the TV equipment, wherein the respective VOD application-readable metadata is generated according to the respective specified metadata.  DISH receives from the CMC Express Lane platform the video-on-demand application-readable metadata that is associated with respective video.  CMC Express Lane is a web-based Content Management and Distribution System that receives VOD content from content producers and distributes the VOD content to the appropriate digital television system platforms.



Source: Exhibit F (Comcast, 2013); Exhibit G (Comcast, 2010).



Source: Exhibit E, Express Lane User Guide v3.11, pp. 18, 20.

89.     The Accused '388 Patent Products provide, to the TV subscriber at the set-top box, the VOD content menu for navigating through titles, including the respective titles of the respective video content, in a drill-down manner by category information and subcategory

information in order to locate a particular one of the titles whose associated video content is desired for viewing on the TV equipment.

 

90.     In the Accused '388 Patent Products, the VOD content menu lists the titles using the same hierarchical structure of respective category information and subcategory information as was designated by the respective video content provider in the respective specified metadata for the respective video content.



Source: Exhibit E, Express Lane User Guide v3.11, p. 20.

91.     In the Accused '388 Patent Products, a plurality of different video display templates are accessible to the set-top box, and the VOD content menu is generated using at least one of the plurality of different video display templates and based at least upon the respective specified metadata.



92.     The Accused '388 Patent Products transmit in response to the TV service subscriber selecting, via a control unit in communication with the set-top box, a first respective title associated with a first video content from the hierarchical structure of respective category information and subcategory information of the VOD content menu using drill-down navigation, the selection to the set-top box for display on the TV equipment, and receive, at the set-top box, the first video content for display on the TV equipment of the TV service subscriber, wherein in response to the selection the first video content was retrieved from a video server associated with the VOD content delivery system.  The selected VOD program is transmitted to, received by and displayed on the TV connected to the DISH STB.



93.     As to claim 3, the Accused '388 Patent Products are programmed to allow the navigation through titles in a drill-down manner by navigation from a first level of the hierarchical structure of the video-on-demand content menu to a second level of the hierarchical structure to locate the particular one of the titles.  The Accused '388 Patent Products use a first template of the plurality of different video display templates for displaying the first level of the hierarchical structure and a second template for displaying the second level of the hierarchical structure.



94.     As to claim 6, some of the plurality of different video display templates used by the Accused '388 Patent Products correspond to different levels of the hierarchical structure of respective category information and subcategory information, as shown above.

95.     As to claim 13, the Accused '388 Patent Products are further programmed to generate, using at least one of the plurality of different video display templates, a templatized video-on-demand display that comprises a background and a template layer having one or more areas for display of metadata provided by the video content provider.



96.     As to claim 19, the Accused '388 Patent Products are further programmed to generate a templatized video-on-demand display that comprises a background screen using at least one of the plurality of different video display templates, as shown above.

97.     DISH has infringed, and continues to infringe, at least claims 1, 3, 6, 13, and 19 of the '388 Patent in the United States, by making, using, offering for sale, selling and/or importing

the Accused '388 Patent Products in violation of 35 U.S.C. § 271(a).

98.     DISH also has infringed, and continues to infringe, at least claims 1, 3, 6, 13, and 19 of the '388 Patent by actively inducing others to use, offer for sale, and sell the Accused '388 Patent Products.  DISH's users, customers, agents or other third parties who use those devices in accordance with DISH's instructions infringe claims 1, 3, 6, 13, and 19 of the '388 Patent, in violation of 35 U.S.C. § 271(a).  Because DISH intentionally instructs its customers to infringe through training videos, demonstrations, brochures and user guides, such as those located at: www.dish.com, my.dish.com/support, communities.dish.com, DISH is liable for infringement of the '388 Patent under 35 U.S.C. § 271(b).

99.     DISH is on notice of its infringement of the '388 Patent by no later than the filing and service of this Complaint.  DISH also received notice of its infringement of the '388 Patent on December 18, 2019, when BBiTV served DISH with an infringement notice letter.  By the time of trial, DISH will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of at least claims 1, 3, 6, 13, and 19 of the '388 Patent.

100.     Upon information and belief, DISH may have infringed and continues to infringe the '388 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused '388 Patent Products.

101.     DISH's acts of direct and indirect infringement have caused and continue to cause damage to BBiTV and BBiTV is entitled to recover damages sustained as a result of DISH's wrongful acts in an amount that is proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, BBiTV respectfully prays that the Court enter judgment in its favor and against DISH as follows:

a.    A judgment that DISH has infringed one or more claims of the '026 Patent literally and/or under the doctrine of equivalents directly and/or indirectly by inducing infringement and/or by contributory infringement;

b.    A judgment that DISH has infringed one or more claims of the '269 Patent literally and/or under the doctrine of equivalents directly and/or indirectly by inducing infringement;

c.    A judgment that DISH has infringed one or more claims of the '791 Patent literally and/or under the doctrine of equivalents directly and/or indirectly by inducing infringement and/or by contributory infringement;

d.    A judgment that DISH has infringed one or more claims of the '388 Patent literally and/or under the doctrine of equivalents directly and/or indirectly by inducing infringement;

e.    That for each Asserted Patent this Court judges infringed by DISH this Court award BBiTV its damages pursuant to 35 U.S.C. § 284 and any royalties determined to be appropriate;

f.    That this Court award BBiTV prejudgment and post-judgment interest on its damages;

g.    That BBiTV be granted its reasonable attorneys' fees in this action;

h.    That this Court award BBiTV its costs; and

i.      That this Court award BBiTV such other and further relief as the Court

deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BBiTV demands a trial

by jury for all issues so triable.


Date: December 19, 2019                    /s/ Robert F. Kramer w/permission Wesley Hill
                                           Robert F. Kramer (*pro hac vice* to be filed)
                                           California State Bar No. 181706
                                           rkramer@feinday.com
                                           M. Elizabeth Day (*pro hac vice* to be filed)
                                           California State Bar No. 177125
                                           eday@feinday.com
                                           David Alberti (*pro hac vice* to be filed)
                                           California State Bar No. 220625
                                           dalberti@feinday.com
                                           Sal Lim (*pro hac vice* to be filed)
                                           California State Bar No. 221836
                                           slim@feinday.com
                                           Marc Belloli (*pro hac vice* to be filed)
                                           California State Bar No. 244290
                                           mbelloli@feinday.com
                                           Lawrence G. McDonough
                                           California State Bar No. 218364
                                           lmcdonough@feinday.com
                                           Hong Lin (*pro hac vice* to be filed)
                                           California State Bar No. 249898
                                           hlin@feinday.com
                                           Jeremiah A. Armstrong (*pro hac vice* to be filed)
                                           California State Bar No. 253705
                                           jarmstrong@feinday.com
                                           **FEINBERG DAY KRAMER ALBERTI**
                                           **LIM TONKOVICH & BELLOLI LLP**
                                           577 Airport Blvd., Suite 250
                                           Burlingame, CA 94010
                                           Phone: 650-825-4300
                                           Fax: 650-460-8443

                                           Wesley Hill
                                           Texas Bar No. 24032294

Andrea L. Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Phone: 903-757-6400
Fax: 903-757-2323
wh@wsfirm.com
andrea@wsfirm.com


Attorneys for Plaintiff Broadband iTV, Inc.