IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BROADBAND iTV, INC., <br> *Plaintiff,* | § § § § | |
| v. | § § | 6:19-CV-00716-ADA |
| DISH NETWORK L.L.C., <br> *Defendant.* | § § § § § | |

# ORDER

On April 20, 2021, this Court denied Defendant DISH Network L.L.C.'s ("DISH") Motion to Transfer venue to the District of Colorado under 28 U.S.C. § 1404(a). Dkt. 83 ("Transfer Order"). In the Transfer Order, this Court weighed the *Volkswagen* private and public factors (*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)) and found the following:

Private factors

(1) the relative ease of access to sources of proof: neutral;

(2) the availability of compulsory process to secure the attendance of witnesses: neutral;

(3) the cost of attendance for willing witnesses: neutral or slightly favors transfer;

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive: strongly weighs against transfer;

Public factors

(1) the administrative difficulties flowing from court congestion: strongly weighs against transfer;

(2) the local interest in having localized interests decided at home: neutral;

(3) the familiarity of the forum with the law that will govern the case: neutral; and

1

(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law: neutral.

On August 13, 2021, the Federal Circuit denied DISH's petition for a writ of mandamus, but suggested that this Court should "reconsider its determination in light of the appropriate legal standard" for transfer factors as clarified in *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) and *In re Samsung Electronics Co., Ltd.*, 2 F.4th 1371 (2021). *In re: Dish Network L.L.C.*, No. 2021-148 (Fed. Cir. August 13, 2021) ("Mandamus Order"). Subsequently, DISH filed its Motion for Reconsideration and supplemental brief (Dkt. 121) and Plaintiff Broadband iTV, Inc. ("BBiTV") also filed a supplemental brief (Dkt. 122).

## ANALYSIS

The Federal Circuit suggests in the Mandamus Order that this Court reconsider its analyses for three factors: (A) the local interest factor; (B) the convenience of witnesses factor, and (C) the practical problems factor.

### A. The Local Interest Factor

In the Transfer Order, this Court found that the local interest factor was neutral in part because DISH "employs over 1,000 employees and owns call centers, warehouses, a remanufacturing center, and a service center in this District." Transfer Order at 12. The Federal Circuit found that this Court "erred in relying on DISH's general presence in Western Texas without tying that presence to the events underlying the suit" because the local interest factor "most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit." Mandamus Order at 2 (citing *Apple*, 979 F.3d at 1345).

In its Motion to Transfer and supplemental briefing, DISH contends that its current and former employees who designed the accused products all acted and reside in Colorado (where DISH is headquartered), while DISH's presence in this District "does not related to the events underlying this suit." Dkt. 121 at 4. However, BBiTV points out that DISH (1) operates one of its two U.S. remanufacturing facilities in this District (with the other in South Carolina, not Colorado), where it makes the accused products, and warehouses, sells, offers to sell, and services the accused products, and (2) operates sales and distribution centers in this District for the accused products. Dkt. 122 at 8. Thus, both District of Colorado and this District have significant connections to the events that gave rise to this lawsuit. Therefore, the Court finds that the *Apple* standard does not change its previous finding that this factor is neutral.

B.   The Convenience of Witnesses Factor

In the Transfer Order, this Court found that the convenience of willing witnesses factor was neutral or slightly favors transfer in part because (1) the Court assumes that no more than a few party witnesses will testify at trial given the typical time limits at trial, and (2) convenience of party witnesses is generally given little weight. Transfer Order at 8-9. The Federal Circuit found that this Court "improperly diminished the convenience of witnesses in the transferee venue because of their party status and by presuming they were unlikely to testify despite the lack of relevant witnesses in the transferor venue." Mandamus Order at 3. In light of the Federal Circuit's guidance in *Samsung* to allocate at least some weight to the convenience of party witness especially when there is a lack of relevant DISH witnesses in this District, the Court modifies its previous finding and now finds that this factor strongly favors transfer. *See Samsung*, 2 F.4th at 1379 ("Even if not all witnesses testify, with nothing on the other side of the ledger, the factor strongly favors transfer.").

3

### C. The Practical Problems Factor

In the Transfer Order, this Court found that the practical problems factor strongly weighs against transfer in part because BBiTV has filed co-pending actions against AT&T and DirecTV in this Court involving three of the four patents asserted in this action, and these actions involve overlapping issues such as claim construction, invalidity, prior art, conception, and reduction to practice. Transfer Order at 10. The Federal Circuit found that this Court "erred in weighing the practical problems factor heavily against transfer without taking due account of differences in the underlying technology of the co-pending cases and the availability of multidistrict litigation procedures." Mandamus Order at 3.

In its supplemental briefing, DISH asserts that the allegedly infringing devices are not the same in the co-pending cases because the accused AT&T and DirecTV devices involve different hardware and software from the accused DISH devices. Dkt. 121 at 5. However, there is no dispute that the same patents are asserted in both this case against DISH and the now consolidated case against AT&T and DirecTV. Dkt. 122 at 5. As BBiTV points out, the asserted patents in the co-pending cases are directed to the same underlying technology, which includes all three defendants' accused set-top boxes that receive on-demand content and system to deliver on-demand content to a subscriber's device. *Id*. Therefore, this case is vastly different from *Samsung*, where only two of the four patents asserted against Samsung overlap with those in a co-pending action against Bumble, and where "the Bumble case involves an *entirely different underlying application*." *Samsung*, 2 F.4th at 1379-80 (emphasis added). Contrary to DISH's assertion that "it is likely that [BBiTV's other] cases will result in significantly different discovery, evidence, proceedings, and trial" (Dkt. 121 at 5), the Court finds that the opposite is true here. Because the co-pending cases against DISH, AT&T, and DirecTV involve the same

4

asserted patents and the accused products in these cases involve the same underlying technology, the Court maintain its previous finding that this factor strongly weighs against transfer.

The Federal Circuit's Mandamus Order does not disturb this Court's findings related to the remaining private and public factors. Therefore, this Court does not need to reconsider its previous findings regarding those factors.

## CONCLUSION

Having reconsidered this Court's previous Section 1404 transfer factor analyses in light of the Federal Circuit's guidance in the Mandamus Order and appropriate legal standard as clarified in the *Apple* and *Samsung* cases, the Court modifies its findings regarding the Section 1404(a) transfer factors as follows:

Private factors

(1) the relative ease of access to sources of proof: neutral;

(2) the availability of compulsory process to secure the attendance of witnesses: neutral;

(3) the cost of attendance for willing witnesses: strongly favors transfer;

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive: strongly weighs against transfer;

Public factors

(1) the administrative difficulties flowing from court congestion: strongly weighs against transfer;

(2) the local interest in having localized interests decided at home: neutral;

(3) the familiarity of the forum with the law that will govern the case: neutral; and

(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law: neutral.

With two factors strongly weighing against transfer, one factor strongly favoring transfer, and the remaining factors neutral, the Court finds that DISH has not met its significant burden to demonstrate that the District of Colorado is "clearly more convenient" than this District. Therefore, the Court **DENIES** DISH's Motion for Reconsideration (Dkt. 121).

SIGNED this 3rd day of September, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE